UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRANCES BOLICK AND JAMES BOLICK, <br><br> Plaintiff, <br><br> vs. <br><br> ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO. 4:19-CV-04673 |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 Defendant, ALLSTATE TEXAS LLOYDS gives notice and hereby remove this action from the County Court of Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof would show unto the Court the following:

**I. BACKGROUND**

1. On October 9, 2019 Plaintiffs, Frances and James Bolick (hereinafter "Plaintiff") filed Plaintiff's Original Petition (hereinafter "Petition") in Fort Bend County, Texas, under Cause No. 19-DCV-267483; *Frances Bolick and James Bolick v. Allstate Vehicle and Property Insurance Company;* in the 434th District Court of Fort Bend County, Texas. (the "State Court Action").

2. Plaintiff's claims relate to real property located in Fort Bend County, Texas and homeowner's insurance policy no. 836980136, issued by the Defendant. Plaintiff's petition asserts claims for negligence, breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and Breach of the Duty of Good Faith and Fair Dealing.

1

3. Defendant timely files this notice of removal within the 30-day timeframe dictated by 28 U.S.C. §1446(b).

## II. PROCEDURAL REQUIREMENTS

4. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(b)(2).

5. Pursuant to LR 81, attached hereto as **Exhibit A** is an Index of Matters. Pursuant to 28 U.S.C. §1446(a), attached hereto as **Exhibit B and C** and incorporated by reference is a true and correct copy of the docket sheet and all documents filed of record with the Court in the State Court Action including all process, pleadings, and orders served.

6. Simultaneously with the filing of this Notice of Removal, Defendant is filing notice of the removal in the State Court Action pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit D**, and will provide written notice of the filing of this Notice of Removal to all parties as required by 28 U.S.C. §1446(a).

7. Included in this filing are Defendants Disclosure Statement and Certificate of Interested Parties pursuant to Rule 7.1 of the Federal Rules of Civil Procedure (**Exhibit E)** and List of All Counsel of Record (**Exhibit F).**

## III. BASIS FOR REMOVAL

8. Removal is proper in this case due to complete diversity. This Court has diversity jurisdiction under 28 U.S.C. §§1332(a). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

**A.     Diversity**

9.     Plaintiffs are, and were at the time the lawsuit was filed, natural persons and residents of Fort Bend County in the State of Texas and thus, are citizens of Texas. *See* Plaintiff's Original Petition.

10.    Defendant, Allstate Vehicle and Property Insurance Company is a Delaware corporation with a principal place of business in Illinois. Therefore, complete diversity exists between the Parties.

**B.     Amount in Controversy**

11.    In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see *Ray v. State Farm Lloyds*, No. CIV.A.3:98- CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

12.    The Court may also consider correspondence between the Parties, including responses to disclosure and pre-suit settlement demands to determine the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (examining the

plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); see also *King v. Ameriprise Fin. Servs., Inc.*, No. C-09-112, 2009 WL 1767641 at *4 (S.D. Tex. 2009) (calling a pre-suit settlement letter relevant evidence of the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim).

13. The amount in controversy in this case exceeds $75,000.00. The suit arises out of the processing of Plaintiff's insurance claim under a home insurance policy issued by the Defendant, Allstate. Plaintiff's petition asserts causes of action for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and Breach of the Duty of Good Faith and Fair Dealing. Plaintiffs seek costs to repair Plaintiff's property, attorney's fees, trebled damages pursuant to the Texas insurance code, and exemplary damages.

14. Plaintiff has pled that for damages in excess of $100,000 but less than $200,000. In addition Plaintiff sent a presuit demand for damages asserting actual damages, and their petition also states, that they seek $38,891.46 in actual damages. Plaintiffs have also asserted that they will seek treble damages, exemplary damages, and attorneys' fees. Therefore, the amount in controversy exceeds $75,000.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants remove the State Court Action from Fort Bend District Court, to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

*[signature]*

**MICHAEL MAUS**
TBN: 24008803
811 Louisiana, Suite 2400
Houston, TX 77002
Michael.maus@allstate.com
(713) 336-2842
(877) 684-4165 (fax)
ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon Plaintiffs' counsel as required by the rules of civil procedure.

Jessica Taylor
The Law Office of Jessica Taylor
14100 San Pedro, Suite 602
San Antonio, Texas 78232
Email: jessica@jtaylorlaw.com
Attorney for Plaintiff

*[signature]*

**MICHAEL MAUS**