# EXHIBIT C

Exhibit C

Filed
10/9/2019 3:49 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. <u>**19-DCV-267483**</u>

| | | |
|---|---|---|
| FRANCES BOLICK AND JAMES BOLICK, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | _____ JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY. | § § § | |
| | § § | Fort Bend County - 434th Judicial District Court |
| Defendant. | § | FORT BEND COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

Plaintiffs Frances Bolick and James Bolick file this Original Petition against Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") and allege as follows:

### A. DISCOVERY-CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit. Plaintiffs affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because they seek monetary relief over $100,000.

### B. RELIEF

2. Plaintiffs seek monetary relief over $100,000, but not more than $200,000. Tex. R. Civ. P. 47(c).

## C. PARTIES

4.      Plaintiffs, Frances Bolick and James Bolick, are individuals who reside in Fort Bend County, Texas.

5.      Defendant Allstate is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas. It can be served with citation by serving its attorney for service, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## D. JURISDICTION

6..     The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## E. VENUE

7..     Venue is mandatory and proper in this district because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County and the insured property that is the basis of this lawsuit is also located in that county.

## F. CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

## G. FACTUAL BACKGROUND

9.      Plaintiffs timely paid their insurance premiums and are the holders of insurance policy number 000836980136 issued by Allstate.

10.     Plaintiffs owned the insured property, which is located at 2639 Williams Grant St., Sugar Land, Texas 77479 on August 26, 2017.

11.     Allstate or its agent sold the policy insuring the property to Plaintiffs.

12.     On or about August 26, 2017, Hurricane Harvey struck the Sugar Land, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiffs' home.

13.     In the aftermath of the storm, Plaintiffs submitted a claim to Allstate, under the policy for extensive roof and interior water damage their home sustained as a Hurricane Harvey. Plaintiffs asked that Allstate cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

14.     Allstate assigned claim number 0473761369 PBW to Plaintiffs' Hurricane Harvey claim and hired and/or assigned Mark Picou (collectively referred to as "Allstate") to inspect the home. Picou was the agent for Allstate and represented Allstate in regard to Plaintiffs' claim. Picou adjusted Plaintiffs' claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim.

15.     As part of its investigation of Plaintiffs' claim, Picou inspected Plaintiffs' home on September 21, 2017. During the inspection, Picou did not climb up on the roof to perform an inspection. Another individual who was with Picou at the inspection performed the roof inspection. That individual briefly spent any time inspecting the extensive roof damage to Plaintiffs' roof. Picou, on the other hand interior of Plaintiffs' home confirmed there was purportedly some interior water damage in the home.

16.     Picou spoke to Plaintiffs during his inspection, stating it was most likely Allstate would not pay to repair or replace of Plaintiffs' obviously extensively damaged roof. In fact, Picou specifically stated the Allstate would not pay for the roof unless the shingles for the roof had flown completely off as a result of the hurricane. Bizarrely and baselessly, Picou told the Plaintiffs he believed the shingles on Plaintiffs' roof flew off, but then reattached themselves during the

hurricane, reducing or eliminating Plaintiffs' damages.

17.     In sum, Picou improperly, unreasonably and deceptively adjusted Plaintiffs' claim. Picou conducted a substandard inspection, as evidenced in his September 20, 2017 estimate, which merely recognized the replacement of the power attic vent cover and repair of drywall to the living room, while it failed to include any of Plaintiffs' structural roof and extensive interior water damages and damage to the fence from the Hurricane. Plaintiffs and Allstate both relied on Picou's misrepresentation, including, but limited to, those regarding the cause of, scope of and cost to repair the damage to Plaintiffs' property, and Plaintiffs' have been damaged as a result of that reliance.

18.     Allstate, relying upon Picou, misrepresented the damages caused by Hurricane Harvey. Picou only estimated the cost to repair to be $4,023.90, which conveniently fell under the tropical cyclone deductible of $4,903.00, therefore; Allstate did not issue any payment to Plaintiffs. Allstate's misrepresentations were false because Plaintiffs' damages exceed $35,000.00.

19.     Through counsel, Plaintiffs submitted a demand letter to Allstate on April 24, 2018, to which it attached its own expert's new estimate of the cost to repair or replace the significant hurricane damages at Plaintiffs' home. That estimate which totaled $38,891.46—which was more than 9 times the cost to repair the damages as claimed by Allstate. Allstate unsurprisingly rejected the demand.

20.     Plaintiffs assert Allstate failed to properly adjust their claim as Allstate has purposely denied and undervalued their Hurricane Harvey claim. Further, Allstate did not offer an adequate explanation for its decision, even though the policy provided coverage for the type of losses suffered by Plaintiffs. This conduct allowed Allstate to gain financially by wrongfully denying Plaintiffs' claim.

21.     Allstate failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the policy.  Specifically, Allstate failed and refused to pay the full proceeds of the policy although a demand was made for proceeds to be paid in an amount sufficient to repair the damaged property and all conditions precedent to recovery upon the policy had been carried out by Plaintiffs.  Allstate's conduct constitutes a breach of the insurance contract between it and Plaintiffs.

22.     Allstate misrepresented to Plaintiffs that only some of the damage to the home was covered under the policy, even though Plaintiffs' damage was caused by a covered occurrence. Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(1).

23.     Allstate failed to settle Plaintiffs' claim in a fair manner, although it was aware of its obligations to Plaintiffs under the policy.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code Section 541.060 (a)(2)(A).

24.     Allstate failed to explain to Plaintiffs why it offered no settlement of their claim. Specifically, Allstate failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Allstate did not communicate that any future settlements would be forthcoming to pay for the entire loss covered under the policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.  Tex. Ins. Code Section 541.060(a)(3).

25.     Allstate failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the entire claim in writing from Allstate.  Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code 541.060(a)(4).

26.     Allstate refused to fully compensate Plaintiffs under the terms of the policy even though it failed to conduct a reasonable investigation. Specifically, Allstate performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in biased, unfair and inequitable evaluation of Plaintiffs' losses to the home. Allstate's conduct constitutes a violation of the Texas Insurance Code. Tex. Ins. Code 541.060(a)(7).

27.     Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

28.     Allstate failed to accept or deny Plaintiffs' entire claim within the statutorily mandated deadline of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

29.     Allstate failed to meet its obligation under the Texas Insurance Code regarding payment of a claim without delay. Specifically, Allstate has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

30.     From and after the time Plaintiffs' claim was presented to Allstate, its liability to pay the full claim in accordance with the terms of the policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct

constitutes a breach of the common-law duty of good faith and fair dealing.

31.    As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing Plaintiffs in this case.

## H.  CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST ALLSTATE

32.    Plaintiffs incorporate paragraphs 1-31 as if fully set forth herein.

33.    According to the insurance policy that Plaintiffs purchased, Allstate has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages resulting from the hurricane.  As a result of the hurricane and/or ensuing losses from the storm, both of which are covered perils under the policy, Plaintiffs' property has been damaged.

34.    Allstate's failure and refusal to pay adequate compensation as it is obligated to do under the terms of the policy and under the laws of the State of Texas, constitutes a breach of Allstate's contract with Plaintiffs.  As a result of this breach, Plaintiffs have suffered damages as are described in this petition.

### VIOLATION OF THE PROMPT PAYMENT OF CLAIMS ACT

35.    Plaintiffs incorporate paragraphs 1-34 as if fully set forth herein.

36.    Allstate's acts, omissions, failures and conduct violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Allstate did not request from Plaintiffs any items, statements or forms that it reasonably believed at that time would be required from Plaintiffs for their claim.  As a result, Allstate has violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe.  Allstate also violated Section 542 by failing to pay Plaintiffs' claim.

37.     Allstate also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period.  In addition, in the event it is determined Allstate owes Plaintiffs any additional monies on their claim, then it has automatically violated Section 542 in this case.

## VIOLATIONS OF THE DTPA

38.     Plaintiffs incorporate paragraphs 1-37 as if fully set forth herein.

39.     Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Allstate.

40.     Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:  by its acts, omissions, failures, and conduct, Allstate's violations include, without limitation, (1) its unreasonable delay in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' property for which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46(b)(2).

41.     Plaintiffs are entitled to recover under Section 17.46(b)(5) of the DTPA because Allstate represented to Plaintiffs the insurance policy and its investigative services had characteristics or benefits that they did not have.

42.     Plaintiffs are entitled to recover under Section 17.46(b)(7) of the DTPA because Allstate represented the insurance policy and its investigative services were of a particular standard, quality, or grade when they were of another.

43.     Plaintiffs are entitled to recover under Section 17.46(b)(9) of the DTPA because Allstate advertised the insurance policy and investigative services with the intent not to sell them as advertised.

44.     Plaintiffs are entitled to recover under Section 17.46(b)(12) of the DTPA because Allstate represented to Plaintiffs the insurance policy and its investigative services conferred or involved rights, remedies, or obligations that they did not have.

45.     Plaintiffs are entitled to recover under Section 17.46(b)(24) of the DTPA because Allstate failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction which they would not have entered had the information been disclosed.

46.     Plaintiffs are entitled to recover under Section 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA because Allstate breached an express warranty the damage caused by Hurricane Harvey would be covered under its insurance policy.

47.     Plaintiffs are entitled to recover under Section 17.50(a)(3) of the DTPA because Allstate's actions were unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability and experience to a grossly unfair degree.

48.     Plaintiffs are entitled to recover under Section 17.50(a)(4) of the DTPA because Allstate's conduct, acts, omissions, and failures are unfair practices in the business of insurance.

49.     All of the above-described acts, omissions and failures of Defendants are a producing cause of Plaintiffs' damages as described in the petition and were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## VIOLATIONS OF SECTION 541 OF THE TEXAS INSURANCE CODE

50.     Plaintiffs incorporate paragraphs 1-49 as if fully set forth herein.

51.     Plaintiffs have satisfied all conditions precedent to bring this cause of action.

52.     By its acts, omissions, failures and conduct, Allstate has engaged in unfair and deceptive acts or practices in the business of insurance in violation of section 541 of the Texas

Insurance Code. Such violations include, without limitation, all the conduct described in this petition, plus its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim and its failure to pay for the proper repair of Plaintiffs' property for which liability had become reasonably clear.  They further include Allstate's failure to give Plaintiffs the benefit of the doubt.  Specifically, as described in Plaintiffs' factual allegations, Allstate is guilty of the following unfair insurance practices:

     a.    Engaging in false, misleading and deceptive acts or practices in the business of insurance;

     b.    Engaging in unfair claims settlement practices;

     c.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverages at issue;

     d.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims submitted for which liability became reasonably clear;

     e.    Failing to affirm or deny coverage of Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

     f.    Failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of Plaintiffs' claim or the offer of settlement.

53.    Allstate also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

54.    Plaintiffs' damages resulted from Allstate's conduct.

55.     Allstate's acts, omissions, and failures were done knowingly as that term is described in the Texas Insurance Code.

## BREACH OF THE DUTY OF GOOD FAITH
## AND FAIR DEALING

56.     Plaintiffs incorporate paragraphs 1-55 as if fully set forth herein.

57.     By its acts, omissions, failure and conduct, Allstate breached its common-law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial.

58.     Allstate also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because it knew or should have known it was reasonably clear the claim was covered. These acts, omissions, failures and conduct of Allstate are a proximate cause of Plaintiffs' damages.

## I. WAIVER AND ESTOPPEL

59.     Allstate has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## J. DAMAGES

60.     The above-described acts, omissions, failures and conduct of Allstate has caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' property and any investigative and engineering fees incurred in the claim.  Plaintiffs are also entitled to recover consequential damages from Allstate's breach of contract. Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on the claim against

Allstate as damages under Section 542 of the Texas Insurance Code, plus pre-judgment interest and attorney's fees.

## K.  ADDITIONAL DAMAGES

61.     Allstate also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Allstate's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiffs are further entitled to additional damages authorized by Section 541 of the Texas Insurance Code.

## L.  EXEMPLARY DAMAGES

62.     Allstate's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.

## M.  ATTORNEY'S FEES

63.     As a result of Allstate's conduct, Plaintiffs were forced to retain the undersigned attorneys to prosecute this action and agreed to pay reasonable attorney's fees.  Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## N.  JURY DEMAND

64.     Plaintiffs assert their right to a trial by jury, under Texas Constitution Article I, Section 15, and make this demand for a jury trial at least 30 days before the date this case is set for trial in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $40.00 as required by Texas Government Code Section 51.604.

## O.  REQUEST FOR DISCLOSURE

65.    Plaintiffs request Allstate disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## P.  PRAYER

Plaintiffs pray Allstate be cited to appear and answer herein, and that upon trial hereof, that Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully Submitted,

**THE   LAW   OFFICE   OF   JESSICA   TAYLOR**
14100 San Pedro, Suite 602
San Antonio, Texas 78232
(210) 402-4022 (Telephone)
210) 402-1225 (Fax)

By:   _/s/ Jessica Taylor_
JESSICA TAYLOR
Texas State Bar No. 24013546
jessica@jtaylorlaw.com

**ATTORNEY FOR PLAINTIFFS**

Filed
10/10/2019 2:30 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Shelby Taylor

**THE LAW OFFICE OF**
**JESSICA TAYLOR**
PROFESSIONAL LLC

Mosa Mathurin
mosa@jtaylorlaw.com

October 10, 2019

**VIA E-FILING**

Fort Bend County District Clerk's Office
1422 Eugene Heimann Cir.
Richmond, Texas 77002

*RE:   Frances Bolick and James Bolick v. Allstate Vehicle and Property Insurance Company*, Cause No. 19-DCV-267-483  434th District Court Fort Bend County, Texas

Dear Sir/Madam:

       We are requesting for citation to be issued on the following:

Allstate Vehicle and Property Insurance Company
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

Once the citations are ready, please email them to mosa@jtaylorlaw.com

       Should you have any questions, please feel free to contact me at the number below or email above.

Sincerely,

*Mosa Mathurin*

Paralegal to Jessica Taylor

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:     **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
        **CT CORPORATION SYSTEM**
        **1999 BRYAN ST SUITE 900**
        **DALLAS TX  75201-3136**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** filed on **October 09, 2019,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-267483**  and is styled:

**FRANCES BOLICK AND JAMES BOLICK VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**JESSICA SPANGLER TAYLOR**
**THE LAW OFFICE OF JESSICA TAYLOR**
**14100 SAN PEDRO AVE STE 602**
**SAN ANTONIO TX  78232-4363**
**210-402-4022**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 10th day of October, 2019.**

                          **DISTRICT CLERK BEVERLEY MCGREW WALKER**
                          **FORT BEND COUNTY, TEXAS**
                          Physical Address:
                          1422 Eugene Heimann Circle, Room 31004
                          Richmond, Texas 77469
                          Mailing Address:
                          301 Jackson Street, Room 101
                          Richmond, Texas 77469

                          By: _Erica Rodriguez_
                          Deputy District Clerk **ERICA RODRIGUEZ**
                          Telephone: **(281) 633-7612**

**ORIGINAL**

19-DCV-267483                                      434th Judicial District Court
Frances Bolick and James Bolick vs. Allstate Vehicle and Property Insurance Company

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____.M.

Executed at _____, within the County of ___

_____, at _____o'clock ____M. on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____

Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,

(First, Middle, Last)

my date of birth is_____, and my address is _____

(Street, City, Zip)

_____,"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

### ORIGINAL

Citation (Original Petition) issued to Allstate Vehicle and Property Insurance Company on 10/10/2019.

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**   THE STATE OF TEXAS

CITATION

TO:   **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS TX  75201-3136**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** filed on **October 09, 2019,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-267483**  and is styled:

**FRANCES BOLICK AND JAMES BOLICK VS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**JESSICA SPANGLER TAYLOR**
**THE LAW OFFICE OF JESSICA TAYLOR**
**14100 SAN PEDRO AVE STE 602**
**SAN ANTONIO TX  78232-4363**
**210-402-4022**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 10th day of October, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Erica Rodriguez_
Deputy District Clerk **ERICA RODRIGUEZ**
Telephone: **(281) 633-7612**

**SERVICE**

19-DCV-267483                                    **434th Judicial District Court**
**Frances Bolick and James Bolick vs. Allstate Vehicle and Property Insurance Company**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ____M. on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                                    (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
11/13/2019 9:50 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Shelby Taylor

CAUSE NO. 19DCV267483

| | |
|---|---|
| FRANCES BOLICK AND JAMES BOLICK, | IN THE DISTRICT COURT |
| Plaintiffs, | |
| vs. | 434TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY. | FORT BEND COUNTY, TEXAS |
| Defendant. | |

## <u>DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY   INSURANCE COMPANY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

### I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.  SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by

Bolick, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0473761369.1

Page **1** of **4**

§542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P.

Bolick, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0473761369.1
Page **2** of **4**

21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

MICHAEL MAUS
TBN:  24008803
811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Bolick, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0473761369.1

Page **3** of **4**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and

correct copy of Defendants' Original Answer has been delivered to all interested parties on the 13th day of

November, 2019, to:

JESSICA TAYLOR, Esq.
THE LAW OFFICE OF JESSICA TAYLOR
14100 San Pedro, Suite 602
San Antonio, Texas 78232
jessica@jtaylorlaw.com

ATTORNEY FOR PLAINTIFF                       *VIA E-SERVE*

**MICHAEL MAUS**

Bolick, et al. vs. Allstate                                                                          Page **4** of **4**
Defendants' Original Answer and Request for Disclosure
0473761369.1